For meaning of Abreviations, See Ternary Digest, page XII.

### No. 848
### BENHAM v. MILLER

No. 19974. Supreme Court

On motion to certify. Dock. July 14, 1926; 4 Abs. 493.

1002. RECEIVERSHIPS—Where by agreement of counsel a restraining order is issued enjoining an individual from disposing of any of his property, may the court subsequently appoint a receiver in violation of the agreement between counsel?

It appears that an application for the appointment of Receivers for William G. Benham and Dwight Harrison was made to the Franklin Common Pleas and that by agreement of counsel a Receiver was not appointed but an injunction was granted restraining Benham and Harrison from disposing of any of their property and ordering said parties to keep their property in status quo.

Subsequently the Common Pleas appointed a Receiver for William G. Benham in violation of the agreement of counsel. A petition in error was dismissed by the Court of Appeals on the ground of no jurisdiction.

Benham in the Supreme Court contends:

1. That the court had no authority to appoint a receiver in violation of the agreement between counsel.

2. That the Court of Appeals erred in dismissing the petition in error.

Attorneys—S. W. Bennett, for Benham; H. A. Williams and G. R. Hedges for Miller; all of Columbus.

### No. 849
### BRUNHOFF MFG. CO. v. SCHULTZ

No. 19980. Supreme Court

On motion to certify. Dock. July 15, 1926; 4 Abs. 493.

829. NEGLIGENCE—Where an action for damages on the ground of negligence is filed against a party driving an automobile and at the time of the filing of the action the plaintiff does not know that he is a servant, may said party subsequently file an action against the master?

This action was brought originally in the Hamilton Common Pleas by Rosa Schultz against the Brunhoff Manufacturing Company for damages resulting from personal injuries sustained in an automobile accident.

It appears that on Tritsch was driving the automobile whose negligent operation is alleged to have caused the injury. Suit was filed in the Superior Court of Cincinnati against Tritsch before Schultz knew he was a servant of the plaintiff in error.

The Company answered that Schultz had made an election to hold Tritsch and the reply filed thereto set up that no part of the judgment against Tritsch had been paid and at the time of the filing of suit in the Superior Court she was not aware that Tritsch was a servant.

The judgment of the Common Pleas in sustaining a demurrer to the reply was reversed by the Court of Appeals.

The Company in the Supreme Court contends: that Schultz made an election to hold Tritsch and is therefore barred from any remedy against the company.

Attorneys—Jones & Jones, for Company; A. Pfau for Schultz; all of Cincinnati.